UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BURNSIDE,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 20-cv-02309 (TSC) |

### MEMORANDUM OPINION

Plaintiff John Burnside, proceeding *pro se* and *in forma pauperis*, sues the United States Department of Justice under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), seeking a determination as to his entitlement to recovery under the Federal Prison Industries' Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126; *see also* 28 C.F.R. § 301.101 *et seq*.; *id*. §§ 0.99; 345.62.

Before the court is Defendant's Motion to Dismiss and Memorandum in Support ("MTD Mem."), ECF No. 13. For the reasons explained herein, the court will GRANT Defendant's Motion to Dismiss and this case will be dismissed without prejudice pursuant to Federal Rule 12(b)(6), for failure to state a claim and for failure to exhaust administrative remedies.

I.   BACKGROUND

In the operative Amended Complaint ("Am. Compl."), ECF No. 6, Plaintiff alleges that he was injured when he worked at Federal Prison Industries, while incarcerated at FCI Terre Haute, in July 1996, *see id*. at 2–3. He contends that, immediately prior to his release from custody in July 2019, staff at FCI Loretto mailed his IACA claim forms to the Bureau of Prisons

1

("BOP").  *See id*. at 1–2.  He states that, to date, he has neither received a determination nor any compensation.  *See id*.  He seeks to compel a final determination from BOP.[1]

In its Opposition, BOP maintains that it did, in fact, respond to Plaintiff's IACA claim. *See* MTD Mem. at 1–3; *see generally* certified MTD Exhibits ("MTD Exs."), ECF No. 13-1. BOP received a Claim Letter from Plaintiff, dated August 19, 2019, which also listed Plaintiff's new (post-release) address.  MTD Mem. at 3; MTD Ex. 1 (Aug. 19, 2019 Claim Letter).  On August 28, 2019, BOP sent a Response Letter to Plaintiff at this new address, confirming receipt of the IACA claim.  MTD Mem. at 3; MTD Ex. 2 (Aug. 28, 2019 Response Letter).  The Response Letter noted, however, that Plaintiff's Claim Letter neither included the date of his injury nor any information as to what areas of his body were injured.  BOP advised that it could not proceed with the claim until it received this information.  *Id.*  For Plaintiff's convenience, BOP enclosed a form that Plaintiff could simply fill out and return with the required information. *See* MTD Ex. 2.  BOP also reminded Plaintiff of his statutory obligation to keep BOP apprised of his current address and telephone number, or any other changes to his contact information.  *Id.* On October 16, 2019, BOP's Response Letter was returned as undeliverable.  MTD Mem. at 3; MTD Ex. 3 (Oct. 16, 2019 Return to Sender Label).

On September 22, 2019, BOP again attempted to contact Plaintiff by sending a Second Response Letter to the same address, explaining that the first attempt had been returned as

---

[1]  On December 8, 2020, another court in this District reviewed the Amended Complaint, *see generally* 28 U.S.C. § 1915(e)(2)(B), and entered an Order dismissing Plaintiff's demands for an IACA award, *see* Am. Compl. at 2–3, because, under the APA, this court can "exercise jurisdiction . . . only to the extent that it seeks to compel an agency determination; it may not compel the BOP to render an award[,][1]" Order, ECF No. 7, at 3 (citing 5 U.S.C. 706(1); *SAI v. Homeland Security*, 149 F. Supp. 3d 99, 109 (D.D.C. 2015); *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004)).

undeliverable, and enclosing the First Response Letter for reference. MTD Mem. at 3; MTD Ex. 4 (Sept. 22, 2019 Second Response Letter). On November 20, 2019, the Second Response Letter was also returned to BOP as undeliverable. MTD Mem. at 3; MTD Ex. 5 (Nov. 20, 2019 Return to Sender Label).

In the meantime, on August 18, 2020, Plaintiff filed this lawsuit. Once notified of this suit, and "[b]ased on a review of the [C]omplaint and the history of Plaintiff's IAC claim filing and the returned mail, BOP . . . agreed to process Plaintiff's IAC claim," with the requirement that Plaintiff submit, by July 31, 2021, an updated claim form with (1) the "information requested in the Response Letter," and (2) "his current address, phone number, and email address." MTD Mem. at 3–4. Defendant again provided Plaintiff with a form to submit the missing claim information. *See* MTD Mem. at 4.

Plaintiff does not contest Defendant's version of events, instead stating that, on May 27, 2021, he complied with BOP's directives and submitted a timely corrected IACA form. *See* Opp'n ¶ 2; Opp'n Exhibits ("Opp'n Exs."), ECF No. 16-1, at Opp'n Ex. B (Corrected Form, Dated May 24, 2021); Opp'n Ex. E (USPS Tracking Information, Dated May 24, 2021). Around the same time, he also provided his updated address and telephone number. *See* Opp'n Ex. A (Provision of Contact Information, Letter Dated May 24, 2021). In response, BOP states that it will process Plaintiff's IACA claim if it has all necessary information to proceed. *See* Reply at 3–4.

II.    LEGAL STANDARDS

   A. IACA & APA

The IACA, 18 U.S.C. § 4126(c)(4), authorizes Federal Prison Industries to compensate inmates for "injuries suffered in any . . . work activity in connection with the maintenance or

3

operation of the institution in which the inmates are confined." *Id.*; *see also* 28 C.F.R. §§ 301.101, 301.301. The APA provides for judicial review of an IACA claim. *See* 5 U.S.C. § 701 *et seq.*; *see also Thompson v. United States Fed. Prison Indust.*, 492 F.2d 1082, 1084 n.5 (5th Cir. 1974); *Simon v. Dep't of Justice*, No. 20-580 (RC), 2020 WL 4569425, at *5 (D.D.C. Aug. 26, 2020), *appeal dismissed*, No. 20-5259, 2021 WL 688483 (D.C. Cir. Jan. 4, 2021), *and aff'd*, No. 21-5099, 2021 WL 4767941 (D.C. Cir. Sep. 15, 2021).

Section 706(1) of the APA authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see id.* § 555(b) ("within a reasonable time, each agency shall proceed to conclude a matter presented to it."). As noted, however, *see* n.1 *supra*, a court may not direct an agency to administer a particular response. "It is one thing to seek to compel an agency to respond to an administrative complaint within a reasonable time. It is entirely another to seek to control what that response says." *SAI*, 149 F. Supp. 3d at 109. In other words, "a court may at times compel an agency 'to take a *discrete* agency action that is it is *required to take*,' but may not direct '*how* it shall act.'" *Id.* (quoting *Norton*, 542 U.S. at 64) (emphases in original) (internal quotation marks omitted)).

B. Exhaustion

Exhaustion of administrative remedies is a common-law doctrine providing "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938) (internal quotation marks omitted)). "An administrative exhaustion requirement can be jurisdictional or it can be non-jurisdictional[,]" depending on whether or not Congress has mandated exhaustion within the applicable statute. *Smith v. Clinton*, 253 F. Supp. 3d 222, 238 (D.D.C. 2017) (citing *Avocados*

*Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004)), *aff'd*, 370 F.3d 1243 (2018), *cert. denied*, 139 S.Ct. 459 (2018).

Exhaustion of an IACA claim is non-jurisdictional. *Simon v. Dep't of Justice*, No. 20-0580, 2021 WL 1578293, at *4 (D.D.C. Apr. 22, 2021) (dismissing IACA claims pursuant to Rule 12(b)(6) for failure to exhaust), *aff'd*, No. 21-5099, 2021 WL 4767941 (D.C. Cir. Sept. 15, 2021). Non-jurisdictional exhaustion "serves three functions: 'giving agencies the opportunity to correct their own errors, affording parties and courts the benefits of agencies' expertise, [and] compiling a record adequate for judicial review[.]'" *Veneman*, 370 F.3d at 1247 (alterations in original) (quoting *Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 414 (D.C. Cir. 1998)); *see also Nat'l Treasury Emps. Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992) ("The principle of exhaustion rests on the dual purposes of protecting administrative agency authority and promoting the economy of judicial resources.").

As Defendant notes, *see* MTD Mem. at 2, non-jurisdictional exhaustion is properly challenged pursuant to Federal Rule 12(b)(6), *see Simon*, 2021 WL 1578293, at *4 n.2 (applying Rule 12(b)(6) standard in assessing IACA exhaustion) (citing *Ly v. U.S. Postal Serv.*, 775 F. Supp. 2d 9, 11 (D.D.C. 2011)); *see also Hall v. Sebelius*, 689 F. Supp. 2d 10, 21 (D.D.C. 2009) (same).

### C. Federal Rule 12(b)(6)

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555–56). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a Rule 12(b)(6) challenge, a court is generally limited to consideration of the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997). Where an action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers[,]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

"Consideration of . . . formal documents about the administrative matters for purposes of evaluating whether the plaintiff properly exhausted h[is] claims does not require conversion of the motion to dismiss to a motion for summary judgment." *Kabakova v. Office of Architect of the Capitol*, No. 19-1276, 2020 WL 1866003, at *3 (D.D.C. Apr. 14, 2020) (citing *Vasser v. McDonald*, 228 F. Supp. 3d 1, 9 (D.D.C. 2016) (same) (collecting cases)).

Courts have consistently recognized that it is appropriate to review both formal and informal agency-related documents without a converting a motion to summary judgment when a

document "is central to plaintiff's claim[,]" *see Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) (concluding that "the various letters and materials produced in the course of plaintiff's discharge proceeding," could properly be considered without converting to summary judgment), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002); *Slate v. Pub. Defender Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 287–88 (D.D.C. 2014) (granting 12(b)(6) motion to dismiss for failure to exhaust and taking judicial notice of claim-related "documents attached to motions to dismiss and opposition papers without converting the motion into one for summary judgment" because "the documents were central to the plaintiff's claim."), *appeal dismissed*, No. 14-7064 (D.C. Cir. Dec. 4, 2014), or "when the documents are integral to [plaintiff's] exhaustion of administrative remedies, [or] are public records subject to judicial notice[,]" *Vasser*, 228 F. Supp. 3d at 9–10 (quoting *Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) and *St. Francis Xavier*, 117 F.3d at 624–25 (internal quotation marks omitted)); *see Sainpreux v. Wolf*, No. 19-cv-01364, 2020 WL 1814400, at *4 (Apr. 9, 2020) (same); *Marshall v. Honeywell Tech. Sols., Inc.*, 536 F. Supp. 2d 59, 65 (D.D.C. 2008) (considering exhibits and affidavits filed in support of a 12(b)(6) exhaustion challenge without converting to summary judgment); *Judd v. Service Employees Intl. Union, Local 32BJ*, No. 19-2925, 2020 WL 5702088, at *3 (D.D.C. Sept. 23, 2020) (finding that, in evaluating a 12(b)(6) exhaustion challenge, "agency materials related to the charges Plaintiff filed with" the agencies were "public documents subject to judicial notice.") (citing *Vasser*, 228 F. Supp. 3d at 10–11); *Spence v. Wolf*, No. 19-2919, 2020 WL 6075727, at *3 (D.D.C. Oct. 15, 2020) (same); *Hill v. Pompeo*, No. 18-cv-2518, 2020 WL 2838585, at *5 (D.D.C. May 31, 2020) (holding that, in evaluating the issue of exhaustion, a court may take notice of agency "complaints and decisions, without converting a motion to dismiss into a motion for summary judgment."); *Wu Xiaofeng v. Pompeo*, No. 15-cv-1040, 2019 WL 1697868,

at *1 n.3 (D.D.C. Apr. 17, 2019) (adopting R&R and finding that the Magistrate Judge "properly took judicial notice of the administrative documents included in the [agency's] submissions to resolve the issue of whether [plaintiff] exhausted her administrative remedies.") (citations omitted); *Hall v. Dep't of Commerce*, No. 16-cv-01619, 2017 WL 9615889, at *6–7 (D.D.C. Aug. 22, 2017) (granting a 12(b)(6) motion to dismiss for failure to exhaust and taking judicial notice of various administrative documents and correspondence), *report and recommendation adopted*, 2018 WL 2002483 (D.D.C. Apr. 30, 2018); *Robb v. Vilsack*, No. 20-0929, 2021 WL 3036796, at *6 n.4 (D.D.C. July 19, 2021) (same) (collecting cases).

"If courts could not take judicial notice of such public documents, plaintiffs who obviously had not complied with the administrative-exhaustion process could survive motions to dismiss purely by failing to attach their administrative complaint." *Vasser*, 228 F. Supp. 3d at 10. Moreover, judicial notice avoids "'unnecessary proceedings' to determine whether 'an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted.'" *Id.* at 11 (quoting *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)). Courts may consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss[,]" *Pearson v. District of Columbia*, 644 F. Supp. 2d 23, 29 n.1 (D.D.C. 2009), *aff'd*, 377 Fed. App'x. 34 (D.C. Cir. 2010) (internal quotation marks omitted), particularly when those documents are undisputed, *see Vasser*, 228 F. Supp. 3d at 11; *Jackson v. Omniplex World Srvs. Corp*, No. 20-cv-0220, 2020 WL 3605655, at *2 n.2, *4 n.3 (D.D.C. July 2, 2020) (granting 12(b)(6) motion to dismiss for failure to exhaust and taking judicial notice of undisputed claim-related documents, including the plaintiff's questionnaires and transcript); *Webster v. Spencer*, No. 17-cv-1472, 2020 WL 2104231, at *5 (D.D.C. May 1,

2020) (holding that a court may take judicial notice of administrative documentation in ruling on a 12(b)(6) motion "for assessing exhaustion and timeliness attacks, particularly when—as is true in this case—neither side disputes their authenticity.") (collecting cases), *aff'd sub nom.* No. 20-5187, 2020 WL 10056382 (D.C. Cir. Nov. 20, 2020), *cert. denied sub nom.* 142 S.Ct. 106 (2021); *see also Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (allowing consideration of "the pleadings and undisputed documents in the record" on a motion to dismiss for failure to exhaust).

Neither party has requested that the Motion to Dismiss be converted to one for summary judgment, and for all the above reasons, the court declines to do so.[2] It will therefore take judicial notice of both Plaintiff's and Defendant's exhibits referenced herein and will review this matter pursuant to Rule 12(b)(6).

### III.     DISCUSSION

---

[2]     Even if the court were to treat Defendant's Motion as one for summary judgment "solely on the issue of exhaustion . . . the [c]ourt could still resolve it here." *Hill v. Garland*, No. 19-3389, 2021 WL 965624, at *3 (D.D.C. Mar. 15, 2021) (citing *Mount v. Johnson*, 36 F. Supp. 3d 74, 81–82 (D.D.C. 2014)). Where, as here, "both parties submit material outside the pleadings," *see, e.g.*, MTD Exs. and Declaration of Steven C. Thaler, ECF No. 13-1, at 1–3 (collectively, Defendant's Materials Outside of Pleadings); Opp. Exs. and Plaintiff's Declaration, ECF No. 16, at 5–6 (collectively, Plaintiff's Materials Outside of Pleadings), and "'the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the pleadings and the issues involved are discrete' legal issues, the court may convert [a motion to dismiss] to a motion for summary judgment 'without providing notice or the opportunity for discovery to the parties[,]'" *Highland Renovation Corp. v. Hanover Ins. Group*, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (quoting *Tunica–Biloxi Tribe of La. v. United States*, 577 F. Supp. 2d 382, 405 (D.D.C. 2008) and *Smith v. United States*, 518 F. Supp. 2d 139, 145, 155 (D.D.C. 2007)); *see Citiz. For Resp. & Ethics in Wash. v. Board. Gov. of The Fed. Res. Syst.*, 669 F. Supp. 2d 126, 128–29 (D.D.C. 2009) (explaining same and partially converting a 12(b)(6) motion to dismiss for failure to exhaust to one for summary judgment).

Defendant argues that Plaintiff has failed to state a claim,[3] and the court agrees.  First, Defendant has shown that Plaintiff solely caused the claim processing delays, and that BOP acted promptly, on more than one occasion, to attempt to contact him.  *See* MTD Mem. at 1–3; MTD Exs. 2–5.  Plaintiff created these delays, not only by failing to include necessary claim details, but also by failing to update his contact information.  *See id*.  Plaintiff appears to concede this point by offering no argument to the contrary.  And according to Plaintiff's own version of events, he did not provide BOP with the required claim and contact information until May 27, 2021, eight months after BOP attempted to contact him, and well after he filed this lawsuit.  *See* Opp'n ¶ 2; Opp'n Ex. B; Opp'n Ex. E.  Therefore, Plaintiff has failed to allege, at this juncture, that BOP contributed to the processing delay or otherwise caused him any harm, and therefore, his Section 706(1) claim cannot proceed.

---

[3]  Defendant also moves to dismiss pursuant to Rule 12(b)(1), arguing that Plaintiff's claims are moot and that he lacks standing to bring them. *See* MTD Mem. at 1–4; Reply at 1–3. "A case is moot when 'the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.' " *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)); *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) (same).  Put differently, a matter "becomes moot if intervening events make it impossible for [the court] to grant 'effectual relief' to the prevailing party." *Planned Parenthood of Wisconsin, Inc. v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019) (citations and internal quotation marks omitted).  Dismissal for mootness is proper "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Mittleman v. Postal Regul. Comm'n*, 757 F.3d 300, 303 (D.C. Cir. 2014) (citation and internal quotation marks omitted). While the court certainly agrees that Defendant was not at fault for the processing delays, and now appears to be processing the claim, it does not agree that Plaintiff's claims are necessarily moot. Assuming BOP has yet to render a final determination, if the agency were to subsequently cause any processing delays, Plaintiff would still have standing to attempt to raise a claim pursuant to Section 706(1).  *See Askan Holdings, Ltd. v. U.S. Dep't of Treasury Foreign Assets Ctrl.*, No. 20-1458, 2021 WL 4318114, at *3–4 (D.D.C. Sept. 23, 2021) (finding that a Section 706(1) claim is moot when the agency "has taken the action" that a plaintiff "alleges was unreasonably delayed."); *Zevallos v. Obama*, 10 F. Supp. 3d 111, 123–24 (D.D.C. 2014) (same), *aff'd*, 793 F.3d 106 (D.C. Cir. 2015).

Furthermore, the IACA is the exclusive remedy for a federal prisoner to raise tort claims arising from a work assignment. Consequently, no other cause of action can be inferred based on the allegations in the Amended Complaint. *See United States v. Demko*, 385 U.S. 149, 152–54 (1966); 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of the [IACA] are barred from recovery under the [FTCA]."); *Sturgeon v. Fed. Prison Indust.*, 608 F.2d 1153, 1154–55 (8th Cir. 1979) (same) (collecting cases); *but see Koprowski v. Baker*, 822 F.3d 248, 250 (6th Cir. 2016) (finding that the "IACA does not displace" a *Bivens* action) (collecting cases from other Circuits).

Second, Plaintiff has failed to exhaust his IACA claim. "[N]on-jurisdictional exhaustion may be waived only in the most exceptional circumstances." *Simon*, 2021 WL 1578293, at *4. It is within the trial court's discretion to "excuse exhaustion if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Veneman*, 370 F.3d at 1247 (citation and internal quotation marks omitted); *see also Vermont Dep't of Pub. Serv. v. United States*, 684 F.3d 149, 156 (D.C. Cir. 2012). More specifically, exhaustion may be excused where "(1) the issue raised is entirely collateral to a claim for payment; (2) plaintiffs show they would be irreparably injured were the exhaustion requirement enforced against them; [or] (3) exhaustion would be futile." *Am. Hosp. Ass'n v. Azar*, 385 F. Supp. 3d 1, 7–8 (D.D.C. 2019) (alteration in original) (citations omitted).

Plaintiff neither addresses these elements, nor requests a waiver. The court finds that the balance of interests weighs against excusing exhaustion because there has been no showing of futility, inadequacy, or irreparable injury, and a waiver would thwart agency autonomy and judicial economy. *See Simon*, 2021 WL 1578293, at *4–5. Because BOP is now processing

Plaintiff's claim, this matter "falls squarely into the autonomy, expertise, and discretion of the IACA program." *Id.* at *5. "[T]o allow this matter to be litigated would frustrate the institutional interest of judicial and administrative efficiency." *Id.* (finding that plaintiff was required to exhaust an IACA claim that he delayed by failing to supply statutorily required information, despite BOP's requests for same); *see also Thompson*, 492 F.2d at 1084 ("awarding compensation or lost pay under the statute and regulations is a matter for the determination by the prison authorities, subject to the supervision of the Attorney General of the United States . . . [and] [t]he decision of the prison authorities, once made, is conclusive in the absence of a showing that the decision was arbitrary or capricious.") (fn. omitted).

"Plaintiff has also offered no evidence, and the court can find none, that he . . . suffer[ed] irreparable injuries" based on his obligation to provide BOP with certain claim and contact information, which are "simple administrative requirement[s][.]" *Simon*, 2021 WL 1578293, at *5. Because Plaintiff has singularly caused the processing delays, "he has not met the high standard required to waive the requirement of exhaustion." *Id.* (citing *Freedom Watch, Inc. v. Fed. Bureau of Investigation*, No. 18-cv-1912, 2019 WL 108879, at *3 (D.D.C. Jan. 4, 2019) (dismissing claims after plaintiff failed to respond to agency requests for resubmission); *Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 117 (D.D.C. 2011) (finding that a plaintiff who failed to provide additional requested documents to agency before filing suit did not exhaust administrative remedies); *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 102–03 (D.D.C. 2009) ("[Plaintiff] failed to send the requested information . . . [a]ccordingly, the court concludes that the plaintiff has failed to exhaust his administrative remedies")). Moreover, "there is no evidence showing that Plaintiff, had he followed the administrative procedure . . . would not have had his issue resolved [by BOP] promptly." *Id*.

For all these reasons, waiver of exhaustion is inappropriate, and Plaintiff must fulfill his administrative exhaustion requirements under the IACA. *See Simon*, 2021 WL 4767941, at *1 (citing *Veneman*, 370 F.3d at 1250 and *McCoy v. Fed. Prison Indus., Inc.*, No. 95-5420, 1996 WL 467691, at *1 (D.C. Cir. Aug. 15, 1996)); *see also McCoy v. Cardaome*, 646 F. Supp. 1143, 1144–145 (D.D.C. 1986) (dismissing IACA matter where defendant maintained, and plaintiff did not dispute, that plaintiff has not exhausted his administrative remedies "[u]nder 18 U.S.C. § 4126 and its implementing regulations"); *Ellis v. Fed. Prison Indust.*, 95 F.3d 54, 54 (5th Cir. 1996) (dismissing appeal after the trial court dismissed plaintiff's IACA claim for failure to exhaust because he "failed to ensure that his claim was properly and timely filed"); *Sturgeon*, 608 F.2d at 1155 (finding that the "district court properly dismissed the prisoner accident compensation claim because claimant . . . failed to exhaust his administrative remedies pursuant to 18 U.S.C. § 4126 and 28 C.F.R. § 301.") (citing *Thompson,* 492 F.2d at 1084); *Cordoba v. Morrison*, 155 Fed. Appx. 933, 934 (8th Cir. 2005) (same).

## IV.  CONCLUSION

For the foregoing reasons, because Plaintiff caused his own claim processing delays, and because he failed to exhaust his administrative remedies, Defendant's Motion to Dismiss will be GRANTED, and this matter is DISMISSED without prejudice pursuant to Federal Rule 12(b)(6). A separate Order is contemporaneously issued.

Date:  March 10, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

13